### Ross *v.* Willett *et al.*

#### (*Supreme Court, General Term, First Department.* October 24, 1890.)

**1. PLEADING—BILL OF PARTICULARS.**

    A complaint which alleges that plaintiff's intestate and defendants jointly purchased a cargo of sugar, and that they agreed that the profits made or loss incurred should be divided or borne three-fourths by plaintiff's intestate and one-fourth by defendant, sufficiently discloses the terms of the agreement to inform defendants of its substantial attributes; and their motion for a bill of particulars on this point will be denied.

**2. SAME.**

    An allegation that the cargo was sold on a specified date, and that a loss of a specified amount was incurred, is not sufficiently definite and certain, and defendants are entitled to a bill of particulars showing the persons to whom, and the prices for which, the sales were made, where defendants make affidavit that they are without information on these points.

Appeal from special term, New York county.

Action by Frank Ross, as ancillary administrator, etc., of James G. Ross, deceased, against Wallace P. Willett, Nathaniel P. Hamlen, and Horatio G. Curtis, partners, etc. The complaint is as follows:

#### "FIRST CAUSE OF ACTION.

"For a first cause of action, plaintiff alleges: *First.* That in the year 1880, and long prior thereto, and until the 1st day of October, 1888, one James G. Ross was a merchant doing business in the city of Quebec, in the dominion of Canada, and elsewhere, under the firm name of Ross & Co.; and upon information and belief, that, at all the times hereinafter mentioned, the defendants Wallace P. Willett, Nathaniel P. Hamlen, and Horatio G. Curtis were merchants doing business in the city of Boston, Massachusetts, under the firm name of Willett, Hamlen & Co., and in the city of New York under the firm name of Willett & Hamlen. *Second.* That on or about the said 1st day of October, 1888, said James G. Ross died, and on or about the 25th day of April, 1889, and before the commencement of this action, ancillary letters of administration upon his estate were duly issued and granted to plaintiff by the surrogate's court of the city and county of New York; that plaintiff duly qualified as such administrator, and entered upon the discharge of his duties.

as such, and.has ever since been such administrator. *Third.* Upon information and belief that in or about the month of April, 1880, the said James G. Ross and the defendants. agreed to. purchase jointly a cargo of sugar to be shipped from the island of Java on the bark Cornelis Smit to some port in the United States and there sold, and they further agreed that the profit made or loss incurred from the said purchase and sale should be divided or borne in the proportion of three-fourths by the said James G. Ross, and one-fourth by the defendants. *Fourth.* Upon information and belief, that thereafter, and pursuant to said agreement, the said purchase was made, and the said cargo of sugar received in the port of Boston, on or about the 15th day of October, 1880. *Fifth.* That the money required for said purchase was furnished and advanced almost exclusively by the said James G. Ross, and large sums were paid out and expended by him, and by this plaintiff as administrator, for the carriage, handling, insurance, storage, and other expenses incidental thereto. *Sixth.* That on or about the 17th day of June, 1889, the said cargo of sugar was sold pursuant to said agreement, and the said joint transaction duly terminated. *Seventh.* That a large loss was incurred in the said transaction, amounting to about the sum of $112,000, almost all of which was borne and paid by the said James G. Ross, and by plaintiff as said administrator. *Eighth.* That, under and pursuant to said agreement, defendants became liable for one-fourth of said loss ;hat after crediting them with all moneys paid and expended by them, on account of said transaction, there is a balance of about $28,000 due and owing to plaintiff by defendants, and defendants are indebted to plaintiff in at least said sum, and will be found to be so indebted upon a settlement and adjustment of the accounts. *Ninth.* That defendants refuse to settle and wind up the affairs of said joint transaction, or to make and state an account with plaintiff and pay the balance due thereon, and they deny any and all liability to plaintiff for any part of the loss on said sugar.

## "SECOND CAUSE OF ACTION.

"For a second cause of action, plaintiff alleges: *First.* Plaintiff repeats and makes part hereof the allegations contained in the first and second paragraphs of the first cause of action. *Second.* Upon information and belief that in or about the month of December, 1880, the said James G. Ross and the defendants agreed to purchase jointly a cargo of sugar which had been transported to the port of New York by the ship Phineas Pendleton; and they further agreed that said cargo should be sold for their joint accounts, and that the profit made or loss incurred thereby should be divided or borne in the proportion of three-fourths by the said James G. Ross, and one-fourth by the defendants. *Third.* Upon information and belief that pursuant to said agreement the said purchase was made and the said cargo received in the said port of New York in or about the said month of December, 1880. *Fourth.* That the money required for said joint transaction was furnished and advanced almost exclusively by said James G. Ross and his estate, and large sums were paid out and expended by said Ross, and by this plaintiff as his said administrator, in the purchase, handling, insurance, and storing of said cargo, and for other expenses incidental thereto. *Fifth.* That on or about the 23d day of July, 1889, the said cargo was sold pursuant to said agreement, and the said joint transaction duly terminated. *Sixth.* That a large loss was incurred in said transaction amounting to about the sum of $128,000, almost all of which was paid and borne by the said James G. Ross, and by plaintiff as said administrator. *Seventh.* That, under and pursuant to said agreement, defendants became liable for one-fourth of said loss; that, after crediting them with all moneys paid and expended by them on account of said transaction, there is a balance of about $32,000 due and owing to plaintiff by defendants, and defendants are indebted to plaintiff in at least

said sum, and will be found to be so indebted upon a settlement and adjustment of the accounts. *Eighth.* That defendants refuse to settle and wind up the affairs of said joint transaction, or to make and state an account with plaintiff and pay the balance due thereon, and they deny any and all liability to plaintiff for any part of the loss on said sugar. Wherefore, plaintiff asks that an account may be taken of all dealings and transactions under said agreements with James G. Ross, deceased, and an account of the moneys received and paid out by said James G. Ross, the plaintiff, and the defendants, respectively, in regard to the same; that the defendants be adjudged to pay the plaintiff, as administrator as aforesaid, any sum which, upon the true state of said accounts, appears to be due to plaintiff as administrator as aforesaid; and that plaintiff have such further or other relief as to the court may seem just."

Defendant Willett moved that plaintiff furnish him a bill of particulars showing: "(1) What are the amounts, dates, and nature of the expenditures referred to in the fifth paragraph of the first alleged cause of action set forth in the complaint, and the fourth paragraph of the second alleged cause of action therein, for which he claims the defendants are liable, keeping separate those made by James G. Ross, and those made by plaintiff as his administrator. (2) That plaintiff give the particulars of the agreement referred to in paragraph third of the first alleged cause of action, showing what were the provisions thereof with respect to the sale of the cargo of sugar pursuant to which it is alleged in paragraph sixth a sale was made, and that if possible it be stated when and by whom and in what manner the same was agreed to be sold. (3) That plaintiff give the particulars of the sale set forth in paragraph sixth of the first alleged cause of action, stating how or in what manner and by whom the said cargo of sugar was sold, and the sum for which the same was sold. (4) That plaintiff give the same particulars with reference to paragraphs second and fifth of the second alleged cause of action, as is required by the above subdivisions two and three concerning paragraphs third and sixth of the first alleged cause of action." After defendant Willett moved for this bill of particulars, defendant Hamlen, who resides at Boston, voluntarily appeared on plaintiff's stipulation that he would serve a bill of particulars as to amount of money expended by James G. Ross on account of the sugar purchased, as stated in subdivision 5 of the first cause of action, and subdivision 4 of the second cause of action. Plaintiff fulfilled his stipulation in this respect, and the court denied defendant Willett's motion as to the bill of particulars regarding the other transactions. Defendant Willett appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*Thos. F. Sanxay,* for appellant. *Geo. Bethune Adams,* for respondent.

DANIELS, J. A large part of the relief applied for by the notice of motion has been supplied by the bill of particulars served under the stipulation which induced the appearance of another defendant. And as to the agreements which in the third division of the first cause of action has been mentioned, and in the second division of the second cause of action, the statements made sufficiently disclose their terms, to inform the defendant of their substantial attributes. But the statements made of the sales in the sixth subdivision of the first, and the fifth subdivision of the second, causes of action, do not supply that information which the defendant is entitled to have. His affidavits taken together do affirm the fact to be that he is without that information. And these subdivisions do no more than to aver that the cargoes were sold on the 17th and 23d of July, 1889. The defendant should be at least informed of the persons and prices to whom and for which the sales were made. For these facts have a direct bearing upon the amount of the loss, and the extent of his alleged liability. The order should therefore be so far modified as to

require the plaintiff to serve a bill of particulars stating to whom the sales were made, and the prices obtained on the same; and as so modified it should be affirmed, without costs of the appeal.    All concur.